Wright, J.,
delivered the opinion of the Court.
The Chancellor’s decree, in this cause, was right and should be affirmed.
The money loaned to the defendant Duncan, upon the state of pleadings in this case, must be taken to have been the money of Thompson Gardenhire, the intestate of complainant.
*104 The bill, as to Martha Meadow and Litton, is taken for confessed. This, as between them and complainant, establishes the title to the money to be in complainant. Irby v. McKissack, 8 Yer., 42; Koen v. White’s Heirs, Meigs’ Rep., 358. The case is to be treated as though they had answered and admitted the complainant’s rights, as set up in the bill. This being so, the defendant, Duncan, cannot controvert the complainant’s right to recover. He admits he owes the debt to some one; and complainant having established his right to it, is entitled to a decree. Meigs’ Rep., 358.
The set-off claimed by the defendant was properly rejected by the Chancellor. He does not appear to have acquired any title to it, in what took place between him and Hargis. And, besides, it is spoken of as a “note,” and must be taken to have no seal. Walker et al. v. McConico et al., 10 Yer., 228. And he is barred by the statute of limitations. It was executed as early as 1845 or 1846, and cannot, as it appears in this record, be allowed against Gardenhire’s estate.
Affirm the decree.